# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 15-CV-00309-LTB**

JAMES ROTHROCK, Individually and as Personal Representative
of the ESTATE OF JACQUELINE E. ROTHROCK,

    Plaintiffs,

v.

KENNETH L. CURRY M.D.;
STEPHANIE SCHLENGER R.N.; and
UCH-MHS, a Colorado Nonprofit Corporation doing business as UNIVERSITY OF
COLORADO HEALTH MEMORIAL HOSPITAL CENTRAL,

    Defendants.

---

## AMENDED COMPLAINT, JURY DEMAND, AND C.R.S. § 13-20-602(3)(a) CERTIFICATION

---

Plaintiff, James Rothrock, Individually and in his capacity as the duly appointed Personal Representative of the Estate of Jacqueline E. Rothrock, by and through his attorneys, Coppola & Marlin, P.C., for his Amended Complaint against Defendants, states and alleges as follows:

### C.R.S. § 13-20-602(3)(a) CERTIFICATION

1. Counsel has consulted with medical professionals with expertise in the areas of the alleged negligent conduct as set forth in Plaintiff's Complaint;

2. The medical professionals who have been consulted have reviewed all known facts relevant to the allegations of negligent conduct as complained of in Plaintiff's Complaint;

3. Based upon such facts, the medical professionals have concluded that the filing of the claims against Defendants does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and

4. The medical professionals who have reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiff's Complaint meet the requirements set forth in C.R.S. § 13-64-401.

## JURISDICTIONAL ALLEGATIONS

5. Plaintiff James Rothrock is a citizen and resident of the State of Florida. Plaintiff is the widow of Jacqueline E. Rothrock, deceased, and the duly appointed personal representative of the Estate of Jacqueline E. Rothrock.

6. As such, Plaintiff James Rothrock has standing to bring claims against the Defendants pursuant to Colorado's Wrongful Death Act, C.R.S. § 13-20-201, and Colorado's Survival Statute, C.R.S. § 13-20-101, in his capacity as personal representative of the Estate of Jacqueline E. Rothrock.

7. At all relevant times, Defendant Kenneth L. Curry, M.D. ("Curry") was, and is, a physician licensed to practice medicine in the State of Colorado.

8. At all relevant times, Defendant UCH-MHS was and is a Colorado Nonprofit Corporation doing business as University of Colorado Health Memorial Hospital Central ("Memorial Hospital") and was and is licensed to do business in the State of Colorado with a principal place of business located in the County of El Paso, City of Colorado Springs.

9. At all relevant times, Defendant Stephanie Schlenger R.N. ("Schlenger") was and is licensed to practice nursing in the State of Colorado.

10. The acts or omissions giving rise to this action occurred in the State of Colorado.

11. The amount in controversy in this action exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (a) (1).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference each and every paragraph of this Amended Complaint as though fully set forth herein.

14. On February 13, 2013, Defendant Curry performed a pacemaker placement revision surgery on Jacqueline E. Rothrock at Memorial Hospital.

15. During the February 13, 2013 surgery, Defendants, without the aid of a qualified anesthesiologist, were responsible for Jacqueline E. Rothrock's sedation.

16. At approximately 8:01 a.m. on February 13, 2013, Defendant Curry instructed Defendant Schlenger to intravenously administer to Jacqueline E. Rothrock a combination of the sedative drug Versed (midazolam), and the synthetic opioid analgesic drug Fentayl.

17. During the February 13, 2013 surgery, Defendant Curry ordered 10 separate doses of Versed for a total of 13 mg, and 9 separated doses of Fentayl for a total of 450 micrograms.

18. At approximately 9:03 a.m. on February 13, 2013, Jacqueline E. Rothrock entered respiratory arrest, nearly immediately followed by cardiac arrest.

19. At 9:19 a.m., on February 13, 2013, Jacqueline E. Rothrock was resuscitated after CPR was performed.

20. At approximately 9:34 a.m., on February 13, 2013, Jacqueline E. Rothrock was intubated and an anesthesiologist managed her sedation while Defendant Curry completed the surgery.

21. Following the surgery on February 13, 2013, Jacqueline E. Rothrock was moved to the intensive care unit and noted to have seizures and an altered mental state.

22. After the surgery on February 13, 2013, and until February 19, 2013, Jacqueline E. Rothrock's neurologic status did not improve and she never regained consciousness.

23. On February 19, 2013, doctors advised Jacqueline E. Rothrock's family she had no brain activity and no hope of meaningful recovery.

24. On February 19, 2013, under physician's advice, Jacqueline E. Rothrock's family agreed to withdraw Mrs. Rothrock's life support.

25. At approximately 6:59 p.m. on February 19, 2013, Jacqueline E. Rothrock was pronounced dead.

26. On or about February 19, 2014, Dr. Curry stated Jacqueline E. Rothrock most likely suffered severe anoxic encephalopathy ultimately leading to her death.

27. On or about February 20, 2014, Daniel Lingamfelter, D.O., diagnosed the cause of death as anoxic encephalopathy due to oversedation during a medical procedure.

28. As a direct and proximate consequence of the incident, Plaintiff James Rothrock has suffered injuries, damages and losses, including, but not limited to, severe emotional distress; loss of time; loss of earnings and other financial hardships; and loss of consortium, all to his damage in an amount to be proven at trial.

**FIRST CLAIM FOR RELIEF**
*(Professional Negligence – Defendant Kenneth L. Curry, M.D.)*

29. Plaintiff incorporates by reference each and every paragraph of this Amended Complaint as though fully set forth herein.

30. With respect to his care and treatment of Jacqueline E. Rothrock, Defendant Curry owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians within similar situations.

31. Defendant Curry deviated from that standard and was professionally negligent and careless in the treatment he provided to Jacqueline E. Rothrock. Said negligence and carelessness included, but was not limited to, the following:

    a. failing to properly treat, diagnose, monitor, and supervise the care and treatment of Jacqueline E. Rothrock;

    b. failing to properly monitor the dosage of the drugs used to sedate Jacqueline E. Rothrock;

    c. failing to properly supervise, monitor and follow Jacqueline E. Rothrock's condition;

    d. failing to properly and timely consult with a properly qualified anesthesiologist regarding Jacqueline E. Rothrock's sedation;

    e. failing to develop and/or follow applicable protocols, policies, and procedures.

32. Said errors and omission by Defendant Curry in the care and treatment of Jacqueline E. Rothrock caused Mrs. Rothrock's respiratory failure and subsequent death.

33. As a direct and proximate result of Defendant Curry's negligence and carelessness, Plaintiff has suffered injuries, damages, and losses as set forth above in this Complaint, in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
*(Professional Negligence – Defendant Schlenger)*

34. Plaintiff incorporates by reference each and every paragraph of this Amended Complaint as though fully set forth herein.

35. With respect to her care and treatment of Jacqueline E. Rothrock, Defendant Schlenger owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised and expected of registered nurses in similar situations.

36. While Jacqueline E. Rothrock was under the care and treatment of Defendant Schlenger, Defendant Schlenger was professionally negligent and careless in the care and treatment provided to Jacqueline E. Rothrock. Said negligence and carelessness included, but was not limited to, one or more of the following:

   a. failing to timely and appropriately diagnose, monitor, treat and manage Jacqueline E. Rothrock's condition;

   b. failing to properly supervise, monitor and follow Jacqueline E. Rothrock's condition;

   c. failing to properly coordinate the care of Jacqueline E. Rothrock with physicians and other medical personnel ; and

   d. failing to develop and/or follow applicable protocols and policies.

37. Said errors and omissions by Defendant Schlenger in the care and treatment of Jacqueline E. Rothrock resulted in Jacqueline E. Rothrock's death.

38. As a direct and proximate result of Defendant Schlenger's negligence and carelessness, Plaintiff has suffered injuries, damages and losses as set forth above in this Complaint, in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
(*Respondeat Superior* - **Defendant Memorial Hospital**)

48. Plaintiff incorporates by reference each and every paragraph of this Amended Complaint as though fully set forth herein.

49. Upon information and belief, at all times relevant, Defendant Schlenger was an agent, servant, employee and/or shareholder of Defendant Memorial Hospital.

50. Plaintiff's injuries, damages and losses, as alleged elsewhere in this Complaint, are the result of the conduct of one or more agents, servants and/or employees of Defendant Memorial Hospital, including, but not limited to, Defendant Schlenger, while such agents, servants and/or employees were acting within the course and scope of their employment and/or agency with Defendant Memorial Hospital.

51. Defendant Memorial Hospital is legally responsible for the negligent conduct of its agents, servants and employees, and is therefore liable to Plaintiff for his injuries, damages and losses as alleged above in this Complaint.

## FOURTH CLAIM FOR RELIEF
### (*Survival Action*)

52. Plaintiff incorporates by reference each and every paragraph of this Amended Complaint as though fully set forth herein.

53. As a direct and proximate result of the negligent acts and omissions of Defendants described more fully elsewhere herein, Jacqueline E. Rothrock, deceased, suffered injuries, damages, and losses as described herein, including but not limited to, medical costs and expenses, funeral and burial expenses, loss of time, and other economic losses and damages.

54. As a direct and proximate result of the negligent acts and omissions of Defendants, the Estate of Jacqueline E. Rothrock, deceased, is entitled to obtain monetary damages in and amount to be determined by the trier of fact, including but not limited to compensatory damages for the economic losses to the Estate of Jacqueline E. Rothrock as described herein.

**WHEREFORE**, Plaintiff respectfully prays for judgment in his favor as follows:

   a.   for compensatory damages in an amount to be proven at trial;

   b.   for pre-judgment and post-judgment interest as provided by law;

   c.   for Plaintiff's costs of suit herein; and

   d.   for such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY A JURY ON ALL ISSUES.**

Dated this 12th day of February, 2015.

Respectfully submitted,

COPPOLA & MARLIN, P.C.

By:   */s/ Frank W. Coppola*

_____
Frank W. Coppola, No. 16717

                                    William C. Marlin, No. 16093
                                    Peter J. McCaffrey, No. 46740

                                      ATTORNEYS FOR PLAINTIFFS

<u>Plaintiff's Address:</u>
3142 Persimmon Drive
Tallahassee, FL  32312

***The original signed copy of this document is on file at the offices of Coppola & Marlin, P.C.***